IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:11-cv-110-MEF |
| | ) | |
| GEORGIA-PACIFIC | ) | (WO – Do Not Publish) |
| WOOD PRODUCTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Before the Court is Defendant's unopposed Motion to Seal. (Doc. #59.) Defendant, with the consent of Plaintiff, seeks to seal certain portions of and exhibits to Defendant's Memorandum of Law in Support of its Motion for Summary Judgment (Doc. #58), which Defendant represents are documents or summaries of documents furnished by or obtained from Plaintiff's medical providers that fall within the ambit of the parties' Consent Protective Order (Doc. #36).

Federal Rule of Civil Procedure 26(c) gives a district court authority to issue a protective order, upon a showing of good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A court has a duty to ensure that a motion to seal is supported by good cause even when no third party challenges such motion. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."); *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002) (noting that a trial judge "may not

rubber stamp a stipulation to seal the record" (quoting *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)). Thus, the good cause standard under Rule 26(c) requires a district court to balance the public's interest in obtaining access to the information sought to be sealed against the moving party's interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001).

In accordance with the foregoing precedent, the Court finds that Defendant has not met its burden of showing that its interest in placing the requested documents and portions of documents under seal outweighs the public's right of access to these judicial records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978); *Chicago Tribune*, 263 F.3d at 1314–15 (11th Cir. 2001). Defendant's sole support for its motion is that the documents it seeks to seal are within the scope of the parties' Consent Protective Order. While it is true that the parties have stipulated in their Consent Protective Order that certain records, documents, and depositions are to remain confidential, such a stipulation merely "postpones the necessary showing of 'good cause' . . . ." *Brown v. Champion Enters., Inc.*, No. 2:06-cv-642-MEF, 2006 WL 3924793, at *2 (M.D. Ala. Dec. 18, 2006) (citing *Chicago Tribune*, 263 F.3d at 1307; *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (internal quotation marks omitted)). Thus, this reason alone is insufficient to support a finding of "good cause" required by Federal Rule of Civil Procedure 26(c). *See Brown*, 2006 WL 3924793, at *3.

Accordingly, it is hereby ORDERED that Defendant's Motion is DENIED with leave

to refile its motion with specific arguments and supporting legal precedent as to why certain exhibits and portions of its dispositive motion should be placed under seal.

The Clerk of Court is hereby DIRECTED to UNSEAL Defendant's Memorandum of Law in Support of its Motion for Summary Judgment (Doc. #58) and any accompanying exhibits.

DONE this the 2nd day of November, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE